UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR 418-193 |
| | ) | |
| DARICK MCPHERSON | ) | |

## PLEA AGREEMENT

Defendant Darick McPherson, represented by his counsel Dennis A. O'Brien, Jr., and the United States of America, represented by Assistant United States Attorney Tania D. Groover, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to enter a plea of guilty to Count Three of the Indictment, which charges a violation of 18 U.S.C. § 2423(a).

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Count Three are (1) the defendant knowingly transported Jane Doe #1 in interstate commerce; (2) at the time of the transportation Jane Doe #1 was less than 18 years old; and (3) at the time of the transportation, the defendant intended that Jane Doe #1 would engage in unlawful sexual activity.

Defendant agrees that he is, in fact, guilty of Count Three. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements: between on or about December 19, 2017 and January 2, 2018, the exact date being

DM

unknown to the grand jury, in Chatham County, within the Southern District of Georgia, the defendant, Darick McPherson did knowingly transport an individual who had not attained the age of 18 years, that is Jane Doe #1, in interstate commerce, with the intent that Jane Doe #1 engage in sexual activity for which the defendant could be charged with a criminal offense, that is, criminal sexual conduct with a minor pursuant to S.C. Code Ann § 16-3-655, all in violation of Title 18, United States Code, Section 2423(a).

3. Possible Sentence

Defendant's guilty plea will subject him to the following mandatory minimum and maximum possible penalties for Count Three: imprisonment for not less than 10 years and up to life, a fine of not more than $250,000, a term of supervised release of not less than five years to life, a $100 special assessment, a second special assessment in the amount of $5,000, restitution in an amount to be determined by the Court; and sex offender registration. Defendant's guilty plea will subject him to a mandatory minimum penalty of ten years in prison for Count Three.

4. No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

DM

5. Court's Use of Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining her sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6. Agreements Regarding Sentencing Guidelines

   a. Use of Information

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

   b. Acceptance of Responsibility

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section

PM

3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of his intention to enter a guilty plea.

c.   Government Recommendation

At sentencing, the government will recommend that Defendant be sentenced to the mandatory minimum sentence of ten years imprisonment.

7.   Cooperation (Optional)

   a.   Complete and Truthful Cooperation Required

If Defendant agrees to cooperate, then he must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in his Indictment and any related offenses. Defendant shall fully and truthfully disclose his knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. His benefits under this agreement are conditioned only on his cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

   b.   Motion for Reduction in Sentence Based on Cooperation

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be

reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

8. Restitution

Defendant agrees to pay restitution ordered by the Court for the full loss caused by Defendant's total criminal conduct. Defendant agrees that restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

9. Forfeiture

a. The Defendant agrees to forfeit his interest in any property used or intended to be used to commit or facilitate the commission of the offenses to which he has agreed to plead guilty, specifically, a gold Motorola XT1765 cell phone, IMEI: 355674087664598, hereinafter referred to as the "Subject Property."

b. Defendant agrees to take all steps requested by the United States to facilitate transfer of title of the Subject Property to the United States, including but not limited to the signing of a consent order or decree, a stipulation of facts regarding the transfer and basis for the forfeiture, and any other documents necessary to effectuate such transfer. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such a document has already been filed, Defendant hereby withdraws that filing.

DM

c. Defendant waives and abandons all right, title, and interest in the Subject Property. In addition, Defendant waives and abandons his interest in any other property that may have been seized in connection with this case.

d. Defendant agrees to hold the United States and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

e. Defendant agrees to waive any and all constitutional, statutory, and equitable challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in this case. Defendant specifically agrees to waive any claims, defenses or challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

10. Waivers

    a. FOIA and Privacy Act Waiver

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the

DM

authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

      b.    Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

11.    Sex Offender Registration

Defendant will be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583. Independent of supervised release, he will be subject to federal and state sex offender registration requirements. Those requirements may apply throughout his life.

12.    Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine

Dm

adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

13. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

14. <u>Breach of Plea Agreement</u>

If Defendant breaches the plea agreement, withdraws his guilty plea, or attempts to withdraw his guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

15. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

OM

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

_____        _____
Date                             Brian T. Rafferty
                                 New York Bar No. 2809440
                                 Assistant United States Attorney
                                 Chief, Criminal Division

5/16/19                          /s/ Tania D. Groover
_____        _____
Date                             Tania D. Groover
                                 Georgia Bar No. 127947
                                 Assistant United States Attorney

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

5-8-2019                         /s/ Darick McPherson
_____        _____
Date                             Darick McPherson
                                 Defendant

I have fully explained to Defendant all of her rights, and I have carefully reviewed each and every part of this agreement with her. I believe that he fully and completely understands it, and that her decision to enter into this agreement is an informed, intelligent, and voluntary one.

5.16.19                          /s/ Dennis A. O'Brien, Jr.
_____        _____
Date                             Dennis A. O'Brien, Jr.
                                 Defendant's Attorney

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 418-193 |
| | ) | |
| DARICK MCPHERSON | ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 6th day of FEBRUARY 2019.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA